IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

SHIRLEY GIBSON AND
OLIVER BROOKS

**PLAINTIFF (S)**

VS.                                     CIVIL NO.    2022-0257

CITY OF LEXINGTON, MISSISSIPPI;         **DEFENDANT (S)**
SAM DOBBINS (In his individual and
official capacities); et  als

### CERTIFICATION

I, Earline Wright Hart, Clerk of the Circuit Court of Holmes County, Mississippi, do hereby certify that the following pleadings are copies of the original documents filed in the above styled and numbered cause.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the _12th_ day of _____January_____ , 20 _23_ .



EARLINE WRIGHT HART, CIRCUIT CLERK
HOLMES COUNTY, MISSISSIPPI

BY: _Brenda Travis_ D.C.

**IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI**

**SHIRLEY GIBSON AND
OLIVER BROOKS**                                                    **PLAINTIFFS**


**VS.**                                        **CIVIL ACTION NO.:** _2022-0257_


**CITY OF LEXINGTON, MISSISSIPPI;
SAM DOBBINS (In his individual and
official capacities); CHARLIE HENDERSON
(In his individual and official capacities);
AUSTIN MOORE (In his individual and
official capacities); AND JOHN DOES 1-15**          **DEFENDANTS**

---

**COMPLAINT**

---


COME NOW the Plaintiffs, Shirley Gibson and Oliver Brooks (also referred to as

"Plaintiffs"), by and through counsel, and file this their Complaint against the above-named

Defendants. In support thereof, the Plaintiffs would respectfully show unto this Honorable

Court the following:

FILED  4:20
A.M. or P.M.

DEC - 1 2022

EARLINE WRIGHT-HART, CIRCUIT CLERK
BY _Brenda Tray_ D.C.

**I.**

**INTRODUCTION**

1.      This is a tort action, brought in part under the Mississippi Tort Claims Act,

as a result of the collective assault, negligence, gross negligence and reckless disregard for

the safety of others by the Defendants. The Plaintiffs' claims arise as a direct and proximate

consequence of an incident that occurred on or about December 2, 2021, in the City of Lexington, Holmes County, Mississippi.

2.       This is also a Federal Civil Rights action brought as a result of a violation of, *inter alia*, the Federal, civil, constitutional, and human rights of Shirley Gibson and Oliver Brooks.

3.       On or about December 2, 2021, law enforcement personnel inflicted unnecessary bodily harm on Shirley Gibson and Oliver Brooks through the use of excessive, unreasonable, and unjustifiable force. The acts of the Defendants in the use of said force against Gibson and Brooks, enforced pursuant to an official policy, is so pervasive as to have the impact of custom and usage. As a direct and proximate consequence, Gibson and Brooks were severely injured. It is alleged that certain Federal statutes, to include 42 U.S.C. § 1983 with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. In particular, the Defendants violated Gibson's and Brooks' Fourth Amendment, Eight Amendment, Fourteenth Amendment, and other rights under the United States Constitution. Therefore, the Plaintiffs file this action and pray for the result set forth in the following paragraphs.

## II.

## **JURISDICTION AND VENUE**

4.       This Honorable Court has jurisdiction and venue over the parties and this cause of action.

5.       Venue is properly established before this Court in that a substantial part of the events or omissions giving rise to the claim occurred or accrued in Holmes County, Mississippi.

III.

## PARTIES

6.      The Plaintiffs, Shirley Gibson and Oliver Brooks, are adult resident citizens of Holmes County, Mississippi.

7.      The Defendant, City of Lexington, Mississippi, is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The City is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983 and may be served through its Mayor or chief executive officer, Mrs. Robin McCrory, at 112 Spring Street, Lexington, Mississippi.

8.      The Defendant, Sam Dobbins ("Dobbins"), is an adult resident citizen of Holmes County, Mississippi, and may be served with process of this Court at 207 Tchula Street, Lexington, Mississippi.

9.      The Defendant, Charlie Henderson ("Henderson"), is an adult resident citizen of Holmes County, Mississippi, and may be served with process of this Court at 207 Tchula Street, Lexington, Mississippi.

10.     The Defendant, Austin Moore ("Moore"), is an adult resident citizen of Holmes County, Mississippi, and may be served with process of this Court at 207 Tchula Street, Lexington, Mississippi.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant Does 1-15 are unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names. The Plaintiffs are informed and believe, and therefore allege, that each of the Defendants designated as Doe Defendants is responsible in some manner for the events and occurrences referred to in this Complaint, and/or owes money to the Plaintiffs. The Plaintiffs will ask leave of the Court to amend this Complaint and insert the true names and capacities of Doe Defendants 1-15, when the same have been

determined.

## IV.

## <u>FACTS</u>

12.     On December 2, 2021, the Plaintiffs, Shirley Gibson and Oliver Brooks, were enjoying the peace and comfort of their home, located at 111 Cemetery Street, Lexington, Mississippi. The Plaintiffs were not committing, nor had they committed, a crime, and were not the subject of any active warrant for their arrest.

13.     As the Plaintiffs enjoyed the peace and comfort of their home, Dobbins, Henderson, and Moore, officers with the Lexington Police Department, kicked open the Plaintiffs' front door. Such officers then entered the home of the Plaintiffs and began to physically and verbally abuse, abuse, humiliate, and torture the Plaintiffs. The Plaintiffs were subsequently dragged from their home where they were subjected to continued physical and verbal abuse, humiliation, and torture, including, but not limited to, striking and hosing the Plaintiffs with a fire hose for a sustained period of time. Such attacks and abuse continued unabated while being accomplished in the presence of Dobbins, the acting Chief and highest ranking officer of the Lexington Police Department.

14.     As a direct and proximate result of the Defendants' actions, the Plaintiffs incurred severe mental and emotional anguish, humiliation, and pain and suffering, among other things. The conduct of the Defendants was such that it would evoke revulsion and shock the conscience of any reasonable individual.

15.     The Defendant police officers violated the Plaintiffs' Fourth Amendment and Fourteenth Amendment Constitutional Rights by conducting an illegal seizure of their persons, forcibly entering their premises, and striking and beating the Plaintiffs. The Plaintiffs were denied their right to due process. The Defendant police officers' conduct

was not pursuant to the seizure of a fleeing felon, and the Plaintiffs had not committed a felonious act. The Defendants' actions were not objectively or subjectively reasonable.

16.     During all relevant times, the named Defendant officers were present and on or at the Plaintiffs' residence. However, the Defendant officers, or at least one such individual, failed to intervene to prevent the deprivation of the Plaintiffs' rights. Additionally, none of the Defendant officers reported the misconduct—rather, each acquiesced in the cover-up.

17.     At all relevant times, the Plaintiffs did not threaten to harm anyone, and the Defendant officers were not in imminent fear of being harmed.  The detainment, beating, and harm to the Plaintiffs was objectively unreasonable. Further, the detainment, beating, and forced entry into the Plaintiffs' home was an excessive use of force.

18.     The Defendant officers deprived the Plaintiffs of their Constitutional rights under the Fourth and Fourteenth Amendment by using unreasonable physical force, intimidation, threats,  and/or authority to restrain the life and liberty of the Plaintiffs.

19.     The Defendants collectively owed a duty of care to the Plaintiffs, to act as reasonable prudent officers of the law would have acted under the same or  similar circumstances. The Defendant officers' actions were done in reckless disregard to or for the safety and rights of the Plaintiffs.

20.     Defendants' actions breached the duty of care owed to the Plaintiffs and were the sole, proximate cause of the damages sustained by them.

21.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, the Plaintiffs were deprived of various Constitutional rights.

22.     As a direct and proximate result of the actions or conduct of the Defendants, the Plaintiffs suffered injuries and damages, including, but not limited to, the:

a. Violation of their Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures of their persons and home;

b. Loss of their physical liberty;

c. Intentional, offensive contact with their bodies; and

d. Humiliation, severe emotional and mental distress, and other damages.

23. At all relevant times, the Defendant officers were acting under color of law and under color of authority as police officers, employees, and agents of the Lexington Police Department, and as agents of the City of Lexington and the State of Mississippi.

## V.

## PREVIOUS HISTORY, CONDUCT, AND ESTABLISHED POLICES AND PROCEDURES

24. The Lexington Police Department maintains customs, policies, and practices of using disproportionate and unnecessary force against African-American citizens who are not resisting arrest and otherwise pose no threat of harm to officers or the general public. All improper conduct and uses of excessive force against the Plaintiffs were pursuant to the Lexington Police Department's customs, policies, and practices.

25. The Lexington Police Department has an established history of using excessive force and otherwise violating the Constitutional rights of its resident citizens. In one similar incident, its officers, including Defendant Henderson, broke down a female resident's door without a warrant, pepper-sprayed her, arrested her without probable cause

and without Mirandizing her, and hosed her down with a fire hose, thereafter leaving her outside in the elements without proper care or clothing. In fact, more than a dozen female citizens have reported to civil rights organizations and City staff that Defendant Henderson has propositioned them for sex, and proceeded to ticket or arrest them when they refused. One aged female individual reported being detained for three months after denying Defendant Henderson's advances. Yet, in another incident, Defendant Henderson shoved an elderly female against her automobile during an unnecessary and unwarranted stop, even though she was not actively resisting Defendant Henderson's orders or attempting to flee.

26.     Various victim accounts and images of injuries confirm that on multiple occasions Lexington Police Department officers have beaten individuals in their custody. In one account, officers left a particular male individual on a hospital curb after assaulting him.

27.     Despite multiple instances of unnecessary uses of force being used or applied against African-American citizen, including instances that directly involved police supervisory officials, the Lexington Police Department and the City of Lexington failed to take any actions to impose additional training, discipline officers, or adequately supervise its officers.

28.     The Lexington Police Department maintains customs, practices, and policies of arresting and detaining individuals for crimes for which there is no probable cause. In addition to the illegal seizures and false arrests suffered by the Plaintiffs, many other African-American citizens of Lexington have been falsely arrested or illegally detained by officers with the Lexington Police Department. In particular, the Lexington Police Department has a policy of stopping and searching drivers through the improper use of roadblocks.

29.     A statistical analysis will show that between the period of June 27, 2021, through May 17, 2022, the Lexington Police Department arrested merely seven (7) Caucasian individuals, while arresting over one hundred (100) African-American individuals during said period of time. Over forty percent (40%) of the arrests involving African-American individuals were for minor traffic violations such as disregarding a traffic device or no proof of insurance which would typically result in a traffic ticket. Moreover, over one-quarter (1/4) of such arrests of African-American individuals were for traffic violations which could not be ascertained prior to the subject stop. In one instance, Lexington Police Department officers arrested a twenty-one (21) year old African-American male for a traffic violation while he was shopping inside a convenience store. Lexington Police Department officers targeted this same individual to the point of claiming that he had committed traffic violations during periods of time when he did not possess or have access to an automobile. Other similar accounts are too numerous to include in this Complaint.

30.     Upon information and belief, approximately twenty-three (23) officers with the Lexington Police Department have resigned within the last year after refusing to accede with the City of Lexington's policy and culture of corruption. Some police officers have reported seeing other officers pull civilians from the rear of patrol cars and brutally beat such individuals. One officer reported witnessing the Defendant and former Police Chief, Dobbins, kick a restrained suspect in the head; that officer subsequently resigned from the Lexington Police Department. At least four (4) officers have reported being forced out of the Lexington Police Department after refusing to violate individuals' Constitutional rights.

31.     The Defendants maintain a custom, policy, and/or practice of failing to

properly train and hire police officers. Many of the officers with the Lexington Police Department lacked proper certification at the time of retention and continue to be uncertified.

32.     The culture within the City of Lexington and the Lexington Police Department is irredeemably corrupt. The City is, for all intents and purposes, under *de facto* martial law. African-American citizens are held as hostages to law enforcement authorities, with many such citizens being afraid to leave their homes. The targeting, harassment, improper conduct, and corruption is so pervasive that most African-American citizens are afraid to speak or report such improper conduct to other law enforcement authorities, civil rights attorneys, and/or activists out of fear of retaliation.

33.     The Defendant and former Police Chief, Dobbins, was recently captured on a leaked audio recording referring to African-American citizens as "nigger" and "faggot," and stating to a Lexington Police Department officer that he did not care if the officer "killed a motherfucker in cold blood." In this leaked recording Dobbins also claimed he had killed thirteen (13) people in his law enforcement career and "justified" even shooting one individual multiple times as he was running away. Moreover, this leaked recording reveals that Dobbins relished in the fact that the Lexington community "fears" him. The racist and homophobic audio recording of former Police Chief Dobbins clearly establishes the Lexington Police Department's discriminatory patterns, practices, and intent.

34.     Following the public disclosure of the subject leaked audio recording, Dobbins was terminated by the Lexington Police Department. Dobbins was thereafter replaced by the Defendant, Henderson, acting as Interim Chief. Throughout Henderson's tenure with the Lexington Police Department, he assisted Dobbins in carrying out the Lexington Police Department's pattern and practice of targeting, harassing, and abusing African-American citizens as Dobbins' second-in-command.

## VI.

## <u>CLAIMS FOR RELIEF</u>

## NEGLIGENCE

35.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

36.    At the time and on the occasion in question, the Defendant officers, individually, jointly and severally, possessed a duty of ordinary care while acting as officers of the law.  Specifically, the Defendant officers and other officers of the Lexington Police Department possessed the duty to keep the Plaintiffs and others reasonably safe, to avoid reasonable harm to them, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. The Defendants breached their duty of care by not keeping the Plaintiffs and others reasonably safe.

37.    The above-mentioned acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants, individually, jointly and severally, resulted in the Plaintiffs' damages.

## GROSS NEGLIGENCE

38.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

39.    The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs.

40.    The Defendant officers and other members of the Lexington Police Department had actual, subjective awareness of the risk, but nevertheless preceded with

conscious indifference to the rights, safety or welfare of the Plaintiffs herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, the Plaintiffs are entitled to the recovery of punitive damages.

41.     The above-mentioned acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiffs' damages.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

42.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43.     At the time and on the occasion in question, the Defendant, City of Lexington, Mississippi, and other officers with the Lexington Police Department, were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), who assaulted and injured the Plaintiffs.

44.     The Defendant, City of Lexington, Mississippi, had a duty to exercise ordinary care in the hiring, supervision, and training of its employees, particularly regarding matters involving excessive and unlawful force. The Defendant breached that duty in the following respects, among others:

(a)     failing to adequately train employees, agents, or servants;

(b)     failing to properly supervise employees, agents, or servants;

(c)     failing to comply with laws, rules, statutes, standards and regulations regarding arrests and detention; and

(d)     other acts of negligent hiring, retention, supervision, and control as will be more fully shown at trial.

45.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Mr. Robinson's and/or the Plaintiff's damages.


## RES IPSA LOQUITUR

46.    The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.    At all pertinent times, the Defendants collectively were in sole and complete control of the Plaintiffs and the personnel who had a duty to protect them. The Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

48.    The Defendants were presented with an available opportunity to avoid the resulting incident. The Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiffs' damages.

49.    The duty of care owed to the Plaintiffs was therefore breached by the Defendants.

50.    The manner of damage to the Plaintiffs' persons is the type of event that does not ordinarily occur in the absence of negligence.

51.    The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

52.     The above-mentioned acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## RECKLESS DISREGARD

53.     The Plaintiffs re-allege and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

54.     The act(s) and/or omission(s) of the Defendants, in both their official and individual capacity constituted a reckless disregard for the rights and safety of the Plaintiffs. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of the Plaintiffs as defined under Mississippi law.

55.     The act(s) and/or omission(s) of the Defendants were a proximate cause as to the injuries and damages sustained by the Plaintiffs.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MTCA)

56.     The Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

57.     Upon information and belief, the Defendant officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Lexington Police Department and the City of Lexington, Mississippi. Thus, the principal Defendant, City of Lexington, Mississippi, is vicariously liable for the actions of its employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

**AGENCY (MTCA)**

58.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as set forth herein.

59.     At the times material hereto, the Defendant officers and other members of the Lexington Police Department were in the course and scope of their employment and acted in furtherance of the interest of the Lexington Police Department and/or City of Lexington, Mississippi.

60.     The Defendant officers and other officers and employees of the Lexington Police Department were apparent agents acting within their actual or apparent authority of the City of Lexington, Mississippi; therefore, the Defendant, City of Lexington, Mississippi, is liable for the actions of its employee(s), statutory employee(s), and agent(s).

**ASSAULT**

61.     The Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

62.     The acts(s) and/or omission(s) of the Defendants, in both their official and personal capacities, establish that the Defendant officers committed a civil assault. The Plaintiffs' reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendants officers' overt acts of beating, striking, and hosing the Plaintiffs constituted a threat or menace to them. The Defendant officers, and other agents of the Lexington Police Department, present the apparent ability to inflict threatened harm and physical injury upon the Plaintiffs established that the Defendants committed a civil assault.

63.     The above-mentioned act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

## BATTERY

64.     The Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

65.     The acts(s) and/or omission(s) of the Defendant officers, in both their official and personal capacities, establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the persons of the Plaintiffs caused by the act(s) of Defendants, whether directed at the Plaintiffs personally or at a third party. The Defendant officers committed civil battery upon the Plaintiffs by striking, beating, and hosing them.

66.     The above-mentioned act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

## THE COMMON LAW TORT OF OUTRAGE

67.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     The Defendants' overall conduct on the date in question was so outrageous that it shocked the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiffs' injuries and damages. The manner, method, and design of the Defendants' conduct amounted to a cold, callous, premeditated abuse of legal authority.

69.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, the Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to, or otherwise facilitated through their acts of omission or commission, such outrageous conduct toward them.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983
### (General Allegations)

70.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

71.     In committing the acts complained of herein, the Defendants acted under color of state law to deprive the Plaintiffs of certain constitutionally protected rights under the Constitution of the United States.

72.     At all times material hereto, the Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

73.     Consequently, while acting under the color of the law, the Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of the Plaintiffs were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against the Plaintiffs, thus, causing certain injuries to the Plaintiffs. As a direct and proximate consequence of the Defendants' actions, the Plaintiffs were deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

74.     In light of the circumstances confronted by the Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendant officers acted maliciously by using force and physical violence designed and intended to cause the Plaintiffs physical, mental, and emotional harm, pain, humiliation, and/or injury. The Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition and injuries of or to the Plaintiffs.

75.     The conduct and actions of the Defendants, acting in concert and under

color of law, in authorizing, directing and/or causing the Plaintiffs to be improperly detained, assaulted, and beaten was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and harm in violation of the Plaintiffs' rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

76.     As a direct and proximate result of the violation of his Constitutional rights by the Defendants, the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C § 1983.

77.     The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983

### (*MONELL* CLAIM AGAINST DEFENDANT, CITY OF JACKSON, MISSISSIPPI)
### (Failure to Implement Appropriate Policies, Customs and Practices)

78.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79.     The Defendant, City of Lexington, Mississippi (also referred to as "Municipal Defendant") directly caused the constitutional violations suffered by the Plaintiffs, and is liable for the damages suffered by the Plaintiffs as a result of the conduct of Municipal Defendant and its officers. The conduct of the Municipal Defendant's officers

was a direct consequence of policies and practices of the Municipal Defendant and/or the Lexington Police Department.

80.     At all times relevant to this Complaint, Municipal Defendant, acting through the Jackson Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the Defendant officers, and were a direct and proximate cause of the damages and injuries complained of herein.

81.     At all times relevant to this Complaint, Municipal Defendant, acting through the Lexington Police Department, and through the Defendant officers, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individuals' Constitutional Rights. Upon information and belief, Municipal Defendant, acting through the Lexington Police Department, planned and implemented a policy, practice, custom and usage of excessive force, obstruction of justice, among other things, using excessive force against private citizens, and discouraging officers from reporting the misconduct of other officers. In connection with the events complained of herein, Municipal Defendant consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

82.     Municipal Defendant knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein.

83.     It was the policy and/or custom of Municipal Defendant to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated, ignored, and actually sanctioned by the Lexington Police Department by the mere act of not adequately reprimanding the Defendant officers, and failing to report such misconduct or follow-up with the appropriate authorities.

84.     It was the policy and/or custom of Municipal Defendant to inadequately train, supervise and discipline its officers, including the Defendant officers, thereby failing to adequately discourage further Constitutional violations on the part of its officers. Municipal Defendant did not require appropriate in-service training or re-training of officers to ensure they were qualified in the use of force, detainment, and the reporting of illegal conduct.

85.     As a result of the above-described policies and customs, among other things, Municipal Defendant, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of Municipal Defendant to the Constitutional rights of persons within Lexington, Mississippi and were the direct and proximate cause of the violation of the rights of the Plaintiffs.

87.     Municipal Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the Lexington Police Department to assault the Plaintiffs and allowed employees of the Lexington Police Department to cover up illegal conduct.

88.     The failure of the Municipal Defendant, including the Lexington Police Department, to adequately train and supervise its officers amounts to a deliberate indifference to the rights of the Plaintiffs to be free from excessive force, among other things, under the Constitution of the United States.

89.     Upon information and belief, Municipal Defendant has a custom and/or pattern of allowing similar actions of this nature. Municipal Defendant has a history and/or pattern of allowing similar conduct from their officers. Municipal Defendant has not taken

the proper action to stop incidents of this nature. The Municipal Defendant allowed Defendant officers to remain employed as officers after assaulting the Plaintiffs.

90.     In committing the acts complained of herein, the Defendants acted under color of state law to deprive the Plaintiffs, as alleged herein, of certain Constitutionally protected rights. Thus, the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

91.     Municipal Defendant caused the Constitutional violations suffered by the Plaintiffs, and is liable for the damages suffered by the Plaintiffs as a result of the conduct of the Municipal Defendant's officers. The conduct of the Municipal Defendant's officers was a direct consequence of policies and practices of the Municipal Defendant.

92.     At all times relevant to this Complaint, Municipal Defendant, acting through the Lexington Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

93.     At all times relevant to this Complaint, Municipal Defendant, acting through the Lexington Police Department, and through the individual Defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individuals' Constitutional Rights. Upon information and belief, Municipal Defendant planned and implemented a policy, practice, and custom of obstruction of justice, among other things, and discouraged officers from reporting the misconduct of other officers, and failed to intervene and prevent the unconstitutional actions of the individually named officers. In connection with the events complained of herein, Municipal Defendant consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

94.     Municipal Defendant knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein.

95.     It was the policy and/or custom of the Municipal Defendant to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated and/or ignored.

96.     It was the policy and/or custom of the Municipal Defendant to inadequately train, supervise and discipline its officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers.

97.     As a result of the above-described policies and customs, among other things, Municipal Defendant, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

98.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of the Municipal Defendant to the constitutional rights of persons within Lexington, Mississippi and were the direct and proximate cause of the violation of the rights of the Plaintiffs.

99.     Municipal Defendant implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, failed to intervene to prevent employees of the Lexington Police Department from illegally detaining and assaulting the Plaintiffs.

100.    The failure of Municipal Defendant to adequately train and supervise its officers amounts to a deliberate indifference to the rights of the Plaintiffs to be free from excessive force, among other things, under the Constitution of the United States.

101.    Upon information and belief, Municipal Defendant has a custom and/or

pattern of allowing similar actions of this nature. Municipal Defendant has a history and/or pattern of allowing similar conduct from its officers. Municipal Defendant has not taken the proper action to stop incidents of this nature.

102.     In committing the acts complained of herein, the Defendants acted under color of state law to deprive the Plaintiffs, as alleged herein, of certain Constitutionally protected rights. Thus, the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent)

103.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

104.     At all times relevant to this Complaint, the Defendant officers acted as agents of the Municipal Defendant and were acting under the direction and control of the Lexington Police Department.

105.     At all times relevant to this Complaint, the Defendant officers acted as agents of the Lexington Police Department and were acting under the direction and control of the Lexington Police Department.

106.     Acting under color of law and pursuant to official policy or custom, Municipal Defendant knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant officers in their duties to refrain from:

(a)     unlawfully and maliciously harassing citizens who were acting in accordance with their Constitutional and statutory rights, privileges, and immunities;

(b)     conspiring to violate the rights, privileges, and immunities guaranteed to the

Plaintiffs by the Constitution and laws of the United States and the laws of the

State of Mississippi; and

(c)     otherwise depriving the Plaintiffs of their Constitutional and statutory

rights, privileges, and immunities.


107.     Municipal Defendant had knowledge or, had it diligently exercised its

duties to instruct, supervise, control, and discipline on a continuing basis, should have had

knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be

committed. Defendant had the power to prevent or aid in preventing the commission of

said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or

with gross negligence failed or refused to do so.

108.     Municipal Defendant directly or indirectly, under color of law, approved

and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the

Defendant officers heretofore described.

109.     As a direct and proximate cause of the negligent and intentional acts of the

Municipal Defendant as set forth above, the Plaintiffs suffered physical injury and damages

in connection with the deprivation of their Constitutional and statutory rights guaranteed

by the Fourth, and Fourteenth Amendments of the Constitution of the United States and

protected by 42 U.S.C. § 1983.


**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Intervene)**

110.     The Plaintiffs re-allege and incorporate herein the foregoing allegations of

this Complaint as if set forth herein in their entirety.

111.     At all times material hereto, the Defendants had a duty to intervene while witnessing a deprivation of certain Constitutionally protected rights under the Constitution of the United States.

112.     At all times material hereto, the Defendants were deemed with the responsibility and authority of intervening while other officers detained and assaulted the Plaintiffs without probable cause or justification.

113.     Consequently, the Defendants breached the duty owed to the Plaintiffs. Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiffs. Furthermore, the Defendant officers' actions and/or omissions violated the Plaintiffs' Constitutional rights which led to the injuries and death alleged in this Complaint.

## VII.

## DAMAGES

114.     The Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint as if set forth herein in their entirety.

115.     The Plaintiffs pray for judgment against the Defendants, as follows:

    a.   For damages to be determined by a jury, and in an amount adequate to compensate the Plaintiffs for all the injuries and damage sustained;

    b.   For all general and special damages caused by the alleged conduct of the Defendants;

    c.   For the costs of litigating this case;

d. For punitive damages sufficient to punish the Defendants for their egregious conduct and to deter the Defendants from ever repeating such atrocities; and

e. For all other relief to which the Plaintiff assert they are entitled by Mississippi and Federal law.

The Plaintiffs reserve the right to amend and state further with respect to their damages.

## VII.

## <u>PUNITIVE DAMAGES</u>

116. The Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

117. Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. § 1983, inasmuch as the conduct of the Defendants herein constitutes a willful, wanton, egregious, and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## VIII.

## <u>JURY TRIAL DEMANDED</u>

118. The Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants all

attorney's fees and damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

      Dated:   December 1, 2022.


**SHIRLEY GIBSON AND OLIVER BROOKS**


BY:/s/ Dennis C. Sweet, III
      Dennis C. Sweet, III


**Of Counsel:**

Dennis C. Sweet, III (MSB # 8105)
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
601-965-8700

FILED 4:20
A.M. or P.M.

DEC - 1 2022

EARLINE WRIGHT-HART, CIRCUIT CLERK
BY Brenda Fox D.C.

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

SHIRLEY GIBSON AND
OLIVER BROOKS                                                    PLAINTIFFS


VS.                                           CIVIL ACTION NO.: *2022-0257*


CITY OF LEXINGTON, MISSISSIPPI;
SAM DOBBINS (In his individual and
official capacities); CHARLIE HENDERSON
(In his individual and official capacities);
AUSTIN MOORE (In his individual and
official capacities); AND JOHN DOES 1-15            DEFENDANTS


---

## SUMMONS

---

THE STATE OF MISSISSIPPI

TO:       **AUSTIN MOORE**
          207 Tchula Street
          Lexington, Mississippi


NOTICE TO DEFENDANT:

**THE COMPLAINT OR PETITION ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO
PROTECT YOUR RIGHTS.**


You are required to mail or hand-deliver a copy of your written response to

the Complaint or Petition to Dennis C. Sweet, III, Esq., whose street address is 158

East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed

or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or Petition or a judgment by default will be entered against you for the money or other things demanded in the Complaint or Petition.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Holmes County Circuit Clerk

BY: _Brenda Trans_, D.C.

Dennis C. Sweet, III, Esq.
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

**SHIRLEY GIBSON AND**
**OLIVER BROOKS**                                                    **PLAINTIFFS**

**VS.**                                        CIVIL ACTION NO.: _2022-0257_

**CITY OF LEXINGTON, MISSISSIPPI;**
**SAM DOBBINS (In his individual and**
**official capacities); CHARLIE HENDERSON**
**(In his individual and official capacities);**
**AUSTIN MOORE (In his individual and**
**official capacities); AND JOHN DOES 1-15**                **DEFENDANTS**

---

**SUMMONS**

---

THE STATE OF MISSISSIPPI

TO:      **SAM DOBBINS**
            207 Tchula Street
            Lexington, Mississippi

NOTICE TO DEFENDANT:

**THE COMPLAINT OR PETITION ATTACHED TO THIS SUMMONS IS**
**IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO**
**PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to

the Complaint or Petition to Dennis C. Sweet, III, Esq., whose street address is 158

East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed

or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or Petition or a judgment by default will be entered against you for the money or other things demanded in the Complaint or Petition.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Holmes County Circuit Clerk



BY: *Brenda Travis*, D.C.

Dennis C. Sweet, III, Esq.
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

**IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI**

**SHIRLEY GIBSON AND
OLIVER BROOKS**                                                    **PLAINTIFFS**


**VS.**                                        **CIVIL ACTION NO.:** *2022-0257*


**CITY OF LEXINGTON, MISSISSIPPI;
SAM DOBBINS (In his individual and
official capacities); CHARLIE HENDERSON
(In his individual and official capacities);
AUSTIN MOORE (In his individual and
official capacities); AND JOHN DOES 1-15**          **DEFENDANTS**

---

**SUMMONS**

---

THE STATE OF MISSISSIPPI

      TO:     **CHARLIE HENDERSON**
             207 Tchula Street
             Lexington, Mississippi


NOTICE TO DEFENDANT:

**THE COMPLAINT OR PETITION ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO
PROTECT YOUR RIGHTS.**


     You are required to mail or hand-deliver a copy of your written response to

the Complaint or Petition to Dennis C. Sweet, III, Esq., whose street address is 158

East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed

or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or Petition or a judgment by default will be entered against you for the money or other things demanded in the Complaint or Petition.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.



Holmes County Circuit Clerk

BY: *Brenda Travis*, D.C.

Dennis C. Sweet, III, Esq.
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

SHIRLEY GIBSON AND
OLIVER BROOKS                                            PLAINTIFFS


VS.                              CIVIL ACTION NO.: 2022-0257


CITY OF LEXINGTON, MISSISSIPPI;
SAM DOBBINS (In his individual and
official capacities); CHARLIE HENDERSON
(In his individual and official capacities);
AUSTIN MOORE (In his individual and
official capacities); AND JOHN DOES 1-15        DEFENDANTS


---

### SUMMONS

---

THE STATE OF MISSISSIPPI

   TO:     **CITY OF LEXINGTON, MISSISSIPPI**
           C/O Mayor Robin McCrory
           112 Spring Street
           Lexington, Mississippi


NOTICE TO DEFENDANT:

**THE COMPLAINT OR PETITION ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO
PROTECT YOUR RIGHTS.**


   You are required to mail or hand-deliver a copy of your written response to

the Complaint or Petition to Dennis C. Sweet, III, Esq., whose street address is 158

East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or Petition or a judgment by default will be entered against you for the money or other things demanded in the Complaint or Petition.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.



Holmes County Circuit Clerk

BY: *Brenda Travis*, D.C.

Dennis C. Sweet, III, Esq.
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts     (Rev 2020)

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|---|---|
| 2 4 | 1 | C 7 | 2 0 2 2 | 0 0 2 5 7 |

Local Docket ID: 0 4 1

Month: 1 2   Date: 0 1   Year: 2 2
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **HOLMES** — County — Judicial District

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual **GIBSON** (Last Name)    **SHIRLEY** (First Name)    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

Business

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff **Lexington, Mississippi**

Attorney (Name & Address) **Dennis C. Sweet, III., 158 East Pascagoula Street, Jackson, MS 39201**    MS Bar No. **8105**

____ Check ( x ) if Individual filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

Individual (Last Name)    (First Name)    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency **City of Lexington, Mississippi**

Business

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known    MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff. 7/1/97; formerly URESA)
- [ ] Other

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [X] Other **28 U.S.C. 1983**

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [X] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other