IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHIRLEY GIBSON and OLIVER BROOKS**                                           **PLAINTIFFS**

v.                                                            **CIVIL ACTION NO. 3:23-cv-33-TSL-MTP**

**CITY OF LEXINGTON, MISSISSIPPI, ET AL.**                                     **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Unopposed Motion for Stay [54]. Having considered the parties submissions, the record, and the applicable law, the Court finds that the Motion [54] should be denied.

On December 2, 2021, officers with the Lexington Police Department—including Defendants Sam Dobbins, Charlie Henderson, and Austin Moore—arrested Plaintiffs Shirley Gibson and Oliver Brooks. Both Plaintiffs were charged with resisting arrest, failure to obey an officer, and hindering prosecution. Additionally, Gibson was charged with simple assault on an officer. *See* [1-1]; [17-1]; [17-2]; [54-1].

On December 1, 2022, Plaintiffs filed this action in the Circuit Court of Holmes County, Mississippi, against the arresting officers[1] and the city of Lexington. In their Complaint [1-1], Plaintiffs assert excessive-force and other claims under 42 U.S.C. § 1983 and numerous state-law claims. Defendants removed the action to this Court on January 13, 2023.

On July 26, 2023, Defendants moved to stay this action pending resolution of the criminal charges against Plaintiffs. *See* Motion [17]. Two days later, the Court conducted a case

---

[1] On June 22, 2023, the Court dismissed Plaintiffs' claims against Dobbins for failure to prosecute. *See* Order [14].

1

management conference, during which Plaintiffs indicated they were opposed to a stay. The Court deferred entry of a case management order pending a ruling on the Motion to Stay [17].

Thereafter, the Court denied the Motion to Stay [17] without prejudice, explaining: "Defendants have not demonstrated that criminal charges were pursued, and they have not offered any evidence of the status of any pending charges or explained why, in twenty months, these charges have not been resolved." *See* Order [18]. The Court further explained that should Defendants renew their motion to stay, "they will need to support that motion with evidence establishing the fact of the criminal prosecutions of plaintiffs, the events that have transpired to date relating to the prosecutions, and the current status of the prosecutions, as well as provide an estimated time frame for resolution of any criminal charges." *Id*.

Defendants did not renew their motion to stay, and on August 11, 2023, the Court entered a Case Management Order [19]. The Court set a discovery deadline of April 15, 2024, which it later extended to April 29, 2024. *See* Orders [19] [28].

In a turn of events, *Plaintiffs* have now, after several months of discovery, moved to stay this action pending resolution of the criminal charges. Courts consider the following factors to determine whether to stay a civil action pending the resolution of a criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb Cnty.*, 625 F.Supp.2d 391, 398-99 (S.D. Tex. 2009).

Like Defendants' Motion [17] before it, the instant Motion [54] fails to establish that a stay is warranted. Plaintiffs do not demonstrate that the criminal charges have been pursued. To the contrary, Plaintiffs submitted, along with their Motion [54], a motion to dismiss Gibson filed in her criminal matter asserting that "the State has not rescheduled, or attempted to reschedule, the criminal trial of Gibson" and arguing that "the State has abandoned the criminal prosecution of Gibson." *See* [54-2] at 3-4.

Moreover, no party explains why, in twenty-seven months, these charges have not been resolved. Since the Court last denied a motion to stay, the parties have engaged in more than seven months of discovery, all while the criminal matters have apparently sat stagnant. A stay is even less appropriate now than it was then under the current record. *Alcala*, 625 F.Supp.2d at 407 ("A court has an obligation to move its docket, and not let cases languish before it . . . [b]ut that is precisely the danger where, as here, a stay could be of indefinite duration"); *Rogers v. Tallahatchie Gourmet, LLC*, 2019 WL 6736224, at *2 (N.D. Miss. Dec. 11, 2019) (finding that the factors weighed "against granting what would essentially be an indefinite stay of these proceedings"); *Modern Amer. Recycling Services, Inc. v. Dunavant*, 2012 WL 1357720, at *5 (E.D. La. Apr. 19, 2012) ("considerations of judicial expediency necessitate that this case not be postponed indefinitely on the chance that a criminal case might be brought based on the same actions that constitute the basis of this suit"). Having considered the appropriate factors, the Court finds that the Motion [54] should be denied.

IT IS, THEREFORE, ORDERED that Plaintiffs' Unopposed Motion for Stay [54] is DENIED without prejudice.

SO ORDERED, this the 14th day of March, 2024.

s/Michael T. Parker<br>United States Magistrate Judge